Tucker, P.
In this case an application was made to the court by the defendant for a change of the venue, on the ground of general prejudices existing against him in the town of Petersburg, where the cause was to be tried. The application, however, was not supported by the affidavits of disinterested individuals, and was therefore properly rejected. The court having intimated the probability of its assenting to a change of the venue if such affidavits were produced, and the defendant having nevertheless failed to produce them, though time was allowed him, there is not a shadow of reason for complaint in this regard. The rule of the general court (Hall’s Index 622.) and the well established and very proper practice of the country, leave no room to doubt that the motion to change the place of trial should not have been allowed, unless supported by-testimony.
But the defendant next objects to the judge; and upon his own affidavit that the judge’s brother was interested, and the judge himself prejudiced against him, he founds an application to remove, the cause to another circuit.
On this subject I will remark, that the change of venue refers altogether to the jury. There is not, that I am aware, any such thing known, as a demand, at common law, that a judge shall remove a cause from his own forum because he is prejudiced against one of the parties.
*367 To our own statutes only can we look for any provision on this subject. We have various provisions designed to secure a fair and impartial trial; but there is none which will justify the peremptory demand in this case. If the judge is a party in a cause depending, the general court is required to remove it for trial at its own bar, unless good cause be shewn to the contrary. 1 Rev. Code, ch. 67. § 9. p. 222. And that court is also empowered, in general terms, for good cause shewn, to cause a suit depending in one circuit court to be tried in another. 1 Rev. Code, ch. 67. § 8. ch. 69. § 51. pp. 222, 238. In neither of these cases is the judge of the circuit court called upon to act. But when a judge is interested in a cause, “or related to either of the parties, or in any manner situated so as to render it improper in his judgment to preside at the trial, it shall he lawful for such judge to cause the same to be removed to the next circuit, and to the most convenient court in that circuit, for trial.” 1 Rev. Code, ch. 69. § 54. p. 239. Here the power is given, but its exercise is left to the discretion of the judge. It is not for this court to sit in judgment upon the manner in which he does exercise the discretion, for il is to depend upon his judgment; and moreover, from the very nature of the act, the propriety of that judgment depends upon his self-consciousness, into which we cannot dive. In this case the judge declared his freedom from any bias, and his readiness, if he was conscious of hostility to the defendant, to remove the cause. What evidence have we of his hostility? The affidavit of the defendant, though sufficient to lay the groundwork for enquiry, is not evidence in the case. None other has been produced; and it is therefore fair, in reference to the judge, to believe that none could be produced. And even if it were produced, this is not the tribunal in which it could properly be heard, since there can properly be no appeal from a decision as to the propriety of deciding the cause, *368 which the statute declaims is to depend upon the judgment and discretion of the judge himself. I am well satisfied that I ought never to have granted the supersedeas, which was awarded by myself in vacation, and without consultation with my brethren. I think the judgment should be affirmed.
The other judges concurred. Judgment affirmed.